# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**EDDIE CHANDLER,**

    Petitioner,

v.                                                               Civil Action No. 5:13cv50
                                                                                  (Judge Stamp)

**ANNE CARTER, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 12, 2013, the *pro se* petitioner, Eddie Chandler, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On April 18, 2013, the petitioner paid the $5.00 filing fee. This matter is pending before me for Report and Recommendation pursuant to LR PL 2.

### II. PETITION

The petitioner alleges that in October of 2011, while eating lunch in the FCI Morgantown cafeteria, he bit into a rock that was in the piece of chicken he was eating. He further alleges that several days later he went to sick call to see the dentist because of increasing pain in his left molar area. The petitioner maintains that the dentist, Dr. Wilson, took an x-ray and saw a cavity under the molar. The petitioner further maintains that Dr. Wilson stated that "we" do not do crown repairs, "we" pull teeth. Nevertheless, the petitioner maintains that Dr. Wilson indicated he would attempt to pop the crown off, repair the decay, and put the crown back. However, he also indicated that if the crown did not fit back on, the tooth would have to be extracted. The petitioner continues by

1

noting that in December of 2011, Dr. Wilson drilled into the tooth, through the crown. The petitioner alleges he was very clear with Dr. Wilson that he was unwilling to have the tooth in question extracted. The petitioner maintains that he sought a new crown through the administrative grievance process. The petitioner maintains that his request was denied, and he has fully exhausted the administrative grievance process. The petitioner alleges that Dr. Wilson has been deliberately indifferent, and that indifference has risen to the level of cruel and unusual punishment in violation of the Eighth Amendment. As a result of Dr. Wilson's deliberate indifference, the petitioner maintains that he suffers from continuing and intermittent pain and suffering, emotional pain affecting his sleep, and recession of the gum around the subject molar. For relief, the petitioner seeks an order requiring the respondent to refer him to a dental specialist for examination and appropriate care.

### III. Analysis

The petitioner is not entitled to any relief under § 2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.[2]

---

[1]In Bivens, the Supreme Court created a counterpart to § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the petitioner's § 2241 petition (Doc. 1) be **DISMISSED** without prejudice.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

Dated:   April 30, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED   STATES   MAGISTRATE JUDGE

---

law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under § 1983.

[2]Although a grant of *in forma pauperis* status would absolve the petitioner from pre-paying the $350.00 filing fee, under the PLRA, the entire fee would be collected from his Prison Trust Account in increments. Moreover, on May 1, 2013, the fee will be increased to $400.00.