IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDDIE CHANDLER,

       Petitioner,

v.                                         Civil Action No. 5:13CV50
                                                     (STAMP)
ANNE CARTER, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On April 12, 2013, the pro se[1] petitioner, Eddie Chandler, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.[2] The petitioner alleges harm based on a dentist's care that allegedly resulted from the petitioner biting into a rock that was in a piece of chicken he was eating. The petitioner claims that the dentist acted with deliberate indifference, and the indifference has risen to the level of cruel and unusual punishment in violation of the Eighth Amendment. Due to the alleged deliberate indifference, the petitioner asserts that he suffers from continuing and intermittent pain and suffering, emotional pain affecting his sleep, and recession of the gum around the subject

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petitioner is currently an inmate at FCI-Morgantown.

tooth. As relief, the petitioner seeks an order requiring that the respondent refer him to a dental specialist for examination and care.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate John S. Kaull for initial review and report and recommendation. On April 30, 2013, Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed without prejudice. Specifically, he found that the petitioner is not entitled to any relief under § 2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Therefore, the magistrate judge found that the petitioner must file a civil rights lawsuit to pursue the claims he raises in his petition. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be

upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

### III. Discussion

A § 2241 motion is used to attack the manner in which a sentence is executed.  See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973).  This Court, therefore, agrees with the magistrate judge, that, because the petitioner's claim does not relate to the fact or length of confinement, but instead relates to the care he is receiving in confinement or rather the conditions of his confinement, the petitioner should have filed a civil rights action rather than a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITHOUT PREJUDICE to the petitioner's right to re-file his claims as a civil rights action.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a

waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    October 22, 2013

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

4